UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN WERNER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-114** |
| **JANET NAPOLITANO** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed by the United States, on behalf of defendant, Janet Napolitano, United States Secretary of the Department of Homeland Security (Doc. #7), is **GRANTED**, and the complaint is **DISMISSED**.

### BACKGROUND

Plaintiff, Kathleen Werner, is a Transportation Security Officer ("TSO") employed by the Transportation Security Administration ("TSA"), a division of the United States Department of Homeland Security, at the Louisiana Armstrong International Airport in New Orleans, Louisiana. Plaintiff, a white female, filed this suit against Janet Napolitano, United States Secretary of the Department of Homeland Security, alleging race and gender discrimination in the form of disparate treatment, specifically, demotion, hostile work environment, and retaliation.

Plaintiff was hired by the TSA in October 2002, as a Supervisory Transportation Security Officer ("STSO"). On May, 4, 2004, plaintiff was counseled about her use of foul and demeaning language and inappropriate conduct that was directed at minorities. On May 25, 2004, plaintiff was issued a letter of counseling concerning inappropriate comments she made to fellow employees. Plaintiff's fellow employees continued to complain about her behavior, and a formal inquiry into plaintiff's behavior was conducted, which confirmed that she was creating a hostile work environment. Consequently, plaintiff was sent to formal conflict resolution training from August 3, 2004, to August 5, 2004. On September 25, 2004, plaintiff was issued a letter of reprimand for her behavior and informed that any further acts of rude or demeaning language would result in disciplinary action, up to and including removal. Plaintiff participated in conflict management training on October 8, 2004. On November 18, 2004, plaintiff was instructed to return to work and not create a hostile work environment, but her behavior did not change as she continued to use foul and demeaning language. On November 29, 2004, another letter of reprimand was issued to plaintiff for calling an African American female employee a "racist." Further, on June 8, 2005, a letter of reprimand was issued to plaintiff for failing to report an alleged sexual harassment.

On August 24, 2006, the TSOs at Louis Armstrong International Airport posed for pictures that were to be displayed as part of a commemoration for the first anniversary of Hurricane Katrina. Plaintiff was gathering a team of TSOs that consisted of all African Americans, mostly young men, for the pictures and she purportedly said: "Come on and line up, you all should be used to being in

line-ups."[1]  Plaintiff was informed by the team's supervisor and others present that her comment was racially offensive.

Thereafter, plaintiff was demoted to TSO.  The notice of proposed demotion was issued by Acting Assistant Federal Security Director Cheryl Johnson, who was the same race and gender as plaintiff.  Plaintiff was given an opportunity to respond, and did so on November 17, 2008.  On January 4, 2007, a notice of demotion was issued by former Federal Security Director Kevin McCarthy, a white male.

Defendant filed a motion to dismiss arguing that plaintiff was not discriminated against because of her race or gender, and that all decisions regarding plaintiff's employment were based on legitimate non-discriminatory business reasons.

## ANALYSIS

**A.    Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the

---

[1] There is some discrepancy in the reports concerning plaintiff's exact words.  Some variations include: "Come and line up, y'all know y'all have been in a line up before"; "Line up, you know you have been in a line up before"; and, "Form a line-up, you all know how to line up."  Plaintiff testified in her deposition that she said: "Line up, you know how to line up."

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted).

**B.     Title VII Claim of Discrimination in Employment Based on Race or Gender**

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . Because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Werner alleges that she was discriminated against in her employment because she was: (1) treated differently than similarly situated African-American male employees; (2) subjected to a hostile work environment; (3) demoted because of her race and sex; and (4) retaliated against for filing grievances concerning such discrimination.

In <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817 (1973), the Supreme Court of the United States "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." First, the plaintiff must establish a *prima facie* case of discrimination. The elements of a plaintiff's *prima facie* case vary according to the facts of the case and the nature of the claim. See <u>LaPierre v. Benson Nissan, Inc.</u>, 86 F.3d 444, 448, n. 3 (5th Cir.1996). "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee." <u>Texas Dep't of Community Affairs v. Burdine</u>,101 S.Ct. 1089, 1094 (1981). The burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the conduct. See <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S.Ct. 2097, 2106 (2000). This burden is one of production, not persuasion and involves no credibility assessment. <u>Id.</u> If the defendant meets the burden, the presumption raised by the plaintiff's *prima facie* case disappears. Once the employer produces sufficient evidence to support a nondiscriminatory explanation, the plaintiff is given an "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." <u>Id.</u> (internal quotation and citation omitted). The ultimate burden of persuading the trier of fact that there was intentional discrimination and that the professed reason was not the true reason remains with the plaintiff. <u>Id.</u> "[A]lthough the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." <u>Id.</u> (internal quotation and citation omitted).

## C.   Plaintiff's Disparate Treatment and Demotion Claims

Employment actions that treat one employee less favorable than others based on the employee's race or gender may give rise to disparate treatment claims. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006). "In order to establish a *prima facie* case of discrimination on the basis of race or sex, a plaintiff must show he or she was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated [of a different race or sex]." Abarca v. Metropolitan Transit Authority, 404 F.3d 938, 941 (5th Cir.2005); Jones v. Overnite Transp. Co., 212 Fed. Appx. 268, 272-73 (5th Cir.2006). Only "ultimate employment decision" are actionable adverse employment actions that give rise to a disparate treatment claim. McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Ultimate employment decisions include "hiring, granting leave, discharging, promoting, and compensating." Id. at 559-60.   Title VII prohibits discrimination against whites as whites. McDonald v. Santa Fe Trail Transp. Co., 96 S.Ct. 2574, 2577 (1976). The elements of a *prima facie* case of reverse discrimination are the same as a traditional discrimination case.[2] See Chaline v. KCOH, 693 F.2d 477, 479 (5th Cir. 1982).

Plaintiff's demotion is the only adverse employment action she alleges that was an ultimate employment decision. Thus, it is her only disparate treatment claim. Plaintiff alleges that she was demoted because she is a white female. It is undisputed that she was qualified for the position that she held. However, Werner has not established a *prima facie* case of discrimination on the basis of

---

[2]   Plaintiff alleges that she was discriminated against because she is white, thus reverse discrimination is applicable.

race or sex because she has not shown that she was treated differently from similarly situated individuals of a different race or sex.

In Little v. Republic Refining Co., Ltd., 924 F.2d 93, 97 (5 th Cir. 1991), the United States Court of Appeals for the Fifth Circuit held that to establish a *prima facie* case for disparate treatment the plaintiff must show that the employment actions at issue were taken "under nearly identical circumstances" vis-a-vis an allegedly similarly situated fellow employee.  The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared had the same job or responsibilities, had the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. See Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 221-22 (5th Cir. 2001); Barnes v. Yellow Freight Sys., Inc., 778 F.2d 1096, 1101 (5 th Cir. 1985); Okoye v. Univ. of Tex Houston Health Sci., 245 F.3d 507, 514 (5 th Cir. 2001).  Further, the plaintiff's conduct that resulted in the adverse employment decision must have been "nearly identical" to that of the fellow employee who allegedly received dissimilar employment decisions. Perez v. Tex. Dep't of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004).  If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis. Wallace, 271 F.3d at 221.

Plaintiff claims that she was treated less favorably than STSO David Pittman.  Plaintiff claims that Pittman deliberately allowed a passenger to carry a knife onboard an aircraft and that he was caught stealing money from a security checkpoint, but that he was not disciplined.  Plaintiff

7

argues that this shows that she was discriminated against because Pittman's offenses were comparatively worse than hers.

Plaintiff has not shown that Pittman is not a similarly situated employee vis-a-vis plaintiff. Pittman's purported conduct was not "nearly identical" to plaintiff's conduct that resulted in demotion. Therefore, plaintiff has not stated a claim for relief regarding disparate treatment, specifically, demotion, and this claim is DISMISSED.

**D.     Plaintiff's Hostile Work Environment Claims**

A federal employee must exhaust his or her administrative remedies before bringing suit for employment discrimination claims. See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997). Pursuant to 29 C.F.R. § 1614.105(a)(1), a federal employee who believes that he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap must initiate contact with the Equal Employment Opportunity ("EEO") counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five days of the effective date of the action. "Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992). The employee must establish waiver, estoppel, or equitable tolling to circumvent the EEO requirement. Teemac v. Henderson, 298 F.3d 452, 454, 457 (5th Cir. 2002).

Plaintiff alleges that she was subjected to a hostile work environment in that defendant usurped her authority, she was subjected to unreasonable and unwarranted written counsellings, and the counsellings were not removed from her personnel file. Plaintiff first contacted the EEO

counselor on January 19, 2007. Plaintiff does not allege any instance of harassing conduct occurred after December 5, 2006, forty-five days prior to January 19, 2007, that supports her hostile work environment claim. Therefore, plaintiff did not exhaust her administrative remedies concerning her hostile work environment claim as required for federal employees pursuant to 29 C.F.R. § 1614.105(a)(1), and this claim is DISMISSED.

### E.     Plaintiffs Retaliation Claims

Section 704(a) of Title VII prohibits an employer from discriminating against any employee because the employee has made a charge under Title VII. 42 U.S.C. § 2000e-3(a). The court applies the McDonnell Douglas Corp, 93 S.Ct. 1817 (1973), evidentiary framework from Title VII cases to claims of retaliation. Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001). To establish a *prima facie* case of Title VII retaliation, the plaintiff must show that: (1) she engaged in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 1008). A plaintiff must demonstrate that the adverse employment action would not have occurred "but for" plaintiff's protected activity. Septimus v. Univ. of Houston, 399 F.3d 601, 608 (5th Cir. 2005). A plaintiff who is unable to show a *prima facie* case cannot survive a summary judgment challenge as to the Title VII claims. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 429 (5th Cir. 2000).

"If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action. If the employer meets

this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." Aryain, 534 F.3d at 484.

"The timing of the adverse employment action can be a significant, although not necessarily determinative, factor" to establish the requisite nexus. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995). However, "temporal proximity alone is insufficient to prove "but for" causation." Strong v. Univ. Healthcare Sys., LLC, 482 F.3d 802, 808 (5th Cir. 2007).

Plaintiff alleges that defendant retaliated against her by failing to remove disciplinary records from her personnel file between May and June of 2006. Plaintiff did not engage in a protected activity, i.e. contacting the EEO counselor, until January 19, 2007. Plaintiff has not stated a claim for retaliation because the alleged retaliation occurred prior to the protected activity. Therefore, this claims is DISMISSED.

New Orleans, Louisiana, this   14th   day of October, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**